**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CPA RICHARD SCHEINOFF** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-3103** |
| | : | |
| **ZELNICK, MANN, AND WINIKUR,** | : | |
| **P.C., ET AL.** | : | |

**McHUGH, J.**                                                    **November 25, 2020**

**MEMORANDUM**

This is an action alleging that Plaintiff Richard Scheinoff was wrongly denied the opportunity to participate in a retirement plan ("the Plan") while employed by an accounting firm, Zelnick, Mann, and Winikur, P.C. ("ZMW"), whose principals include Michael Mann, and Alan Winikur (collectively "Defendants"). Plaintiff claims that Defendants' concealment of the plan deprived him of its benefits, causing him to forfeit contributions, tax deferral opportunities, and investment earnings. *See* First Am. Compl. ¶ 14, ECF No. 9. Plaintiff's Amended Complaint asserts two causes of action under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking relief through section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (Count I) and section 502(a)(2), 29 U.S.C. § 1132(a)(2) (Count II). *Id.* ¶¶ 21, 28.

In Count I, the complaint quotes from the language of section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and in Count II, quotes section 502(a)(2), 29 U.S.C. § 1132(a)(2). I will therefore examine his claims under those statutory provisions.[1] Defendants seek complete dismissal of Count II, and dismissal of Plaintiff's prayer for relief under Count I. *See* Defs. Mot. Dismiss Failure State Claim 1–2, ECF No. 11 ("Defs. Mot. Dismiss"). Because Plaintiff seeks relief that

---

[1] Section 502(a) is comprised of multiple parts. I will address only the specific subsections cited by Plaintiff.

is not available as a matter of law with respect to the specific claims pleaded, I will grant

Defendants' motion.  The claims currently at issue are dismissed with prejudice, but such

dismissal does not foreclose Plaintiff from amending his Complaint to assert other equitable

claims allowed under the statute.

## I.      Standard of Review

The well-established standard elucidated in *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009) governs motions to dismiss under Fed. R. Civ. P. 12(b)(6).

## II.     Discussion

### A.  Claim for Breach of Fiduciary Obligation

In Count II of his Amended Complaint, Plaintiff alleges that Defendants failed to notify

Plaintiff and other employees about the opportunity to participate in the Plan, in violation of their

fiduciary duties under section 409(a), 29 U.S.C. § 1109(a), as enforced through section

502(a)(2), 29 U.S.C. § 1132(a)(2).  *See* First Am. Compl. ¶ 31.

The Supreme Court has concluded that in drafting section 409(a), which addresses

liability for breach of fiduciary duty, Congress sought to address the "misuse of plan assets, and

with *remedies that would protect the entire plan*, rather than with the rights of an individual

beneficiary."  *Massachusetts Mut. Life Ins. Co. v. Russell* 473 U.S. 134, 142 (1985) (emphasis

added).  The Court has further added that section 409(a) generally does not afford a remedy to

individual beneficiaries when the injuries claimed from a breach of fiduciary duty are separate

from those sustained by the plan.  *Id.* at 140.

Plaintiff does not state a claim upon which relief can be granted under section 409(a).

Even when viewed in the light most favorable to him, Plaintiff's allegations concern fiduciary

violations that impaired *his* right *as an individual* to "participate in and benefit from the Plan."

First Am. Compl. ¶ 31.  These injuries are notably distinct from the plan-related harms

contemplated by the drafters of section 409(a), which usually concern misuse of plan assets.  *See*

*Russell*, 473 U.S. at 142.

It should be mentioned that under some circumstances, there is a separate path to similar

relief.  When a plaintiff is a participant in a defined contribution plan and the fiduciary breach

"impair[s] the value of plan assets in a participant's individual account" or diminishes assets

payable to all beneficiaries, a participant may bring suit against the fiduciary under section

502(a)(2).  *LaRue v. DeWolff, Boberg & Associates,* 552 U.S. 248, 255–256 (2008).  Here,

however, Plaintiff does not benefit from *LaRue.*  Although the Plan qualifies as a defined

contribution plan,[2] the alleged breach did not impair the value of assets in Scheinoff's account,

by virtue of the fact that Plaintiff was not enrolled in the Plan.  *Id.*  Consequently, sections 409(a)

and 502(a)(2) do not afford Plaintiff a remedy, and I must grant Defendants' motion to dismiss

with respect to Count II.

### B.  Claim for Injunctive Relief Ordering Defendant ZMV to Follow IRS Instructions

As part of his prayer for relief under Count I, which concerns alleged violations of

section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests "[a]n order instructing

Defendant ZMW to follow the IRS instructions to place Plaintiff in the same position he would

have been in had Defendant ZMW allowed Plaintiff to participate in the Plan."  First Am.

Compl. ¶ 26(ii).  This would require Defendant ZMW to "open an account for Plaintiff and

---

[2] A "'defined contribution plan' or 'individual account plan' promises the participant the value of an individual account at retirement, which is largely a function of the amounts contributed to that account and the investment performance of those contributions.  A 'defined benefit plan,' by contrast, generally promises the participant a fixed level of retirement income, which is typically based on the employee's years of service and compensation."  *LaRue v. DeWolff, Boberg & Associates,* 552 U.S. at 250 n1.  The Plan at issue in this case is a "defined contribution plan," as it permits elective deferrals to an individual retirement account (IRA).  *See* Contribution Agreement Ex B., ECF No. 11-4.

others, make contributions … to compensate for missed contributions and missed deferral opportunities, and increase the amount contributed to reflect missed earnings." *Id.* ¶ 15.

      Defendants oppose Plaintiff's demand, arguing that Plaintiff may only recover "benefits due" under the Plan, which does not include compensation for lost tax deferral opportunities. Defs. Mot. Dismiss ¶ 33. Defendants also note that the "IRS instructions" arise from a voluntary compliance program and do not properly measure Plaintiff's damages. *Id.* ¶ 32. I agree and will strike Plaintiff's claim for injunctive relief under Count I.

      Section 502(a)(1)(B) provides that a participant or beneficiary may bring an action to

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a)(1)(B).

      The provision is silent with respect to extracontractual damages, and the Supreme Court has held that section 502(a)(1)(B) does not authorize such remedies. *See Russell*, 473 U.S. at 144; *Mertens v. Hewitt Associates*, 508 U.S. 248, 254 (1993) ("Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly"). Unlike section 502(a)(3), which broadly authorizes participants to "obtain other appropriate equitable relief," 29 U.S.C. § 1132(a)(3), section 502(b)(1) provides a specific cause of action to secure benefits that have already vested. *See Hooven v. Exon Mobil Corp.*, 465 F.3d. 566, 574 (3d Cir. 2006); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (a plaintiff must show that he has an enforceable right to benefits 'due' under the plan and that the plan administrator denied those benefits). Moreover, as the Supreme Court has emphasized, the proper remedy for a violation of section 502(a)(1)(b) is to enforce the plan, not to alter the terms of the plan in a manner akin to an equitable remedy. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 425 (2011) (distinguishing

permissible remedies under 502(a)(1)(b) from 502(a)(3)).  Because the Plan at issue does not encompass the relief requested by Plaintiff, such as lost tax deferral opportunities, his requested relief falls outside of the contract and, under controlling precedent, is not available to Plaintiff as a matter of law.

### III.    Conclusion

For the reasons set forth above, Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint will be granted.  An appropriate order follows.

  /s/ Gerald Austin McHugh
United States District Judge